# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LONNELL SMITH, JR., ID # 1541772, Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 3:09-CV-0520-O (BH) |
| THE GATEWAY FOUNDATION, Defendant. | ) ) ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I. BACKGROUND

Plaintiff, a prisoner in the Hutchins State Jail, filed this action under 42 U.S.C. § 1983 against the Gateway Foundation. (Compl. at 3.) He claims that he left certain personal property at the institution, that friends or associates have attempted to retrieve this property on his behalf within the required time period, but that they have been unable to do so based on the defendant's privacy policy. (*Id.* at 4.) He further claims that the defendant has destroyed or donated the property, and that the property is worth thousands of dollars. (*Id.* at attached page.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). The statute provides for *sua sponte* dismissal of the complaint, "or any portion thereof," if the Court finds the action "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* A complaint is frivolous when it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. RELIEF UNDER § 1983

Plaintiff brings suit under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff has made no allegation that the defendant is a state actor within the meaning of § 1983. Although in some circumstances a private party may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (recognizing that conspiring with a state actor may subject a private party to § 1983 liability); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (recognizing that a private actor may be considered a state actor when he or she "performs a function which is traditionally the exclusive province of the state" or when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state"), plaintiff's allegations do not invoke any basis for finding the defendant to be a state actor. He merely alleges that he left certain property with the

2

defendant that has now been destroyed or donated. Consequently, he has failed to state a viable claim under § 1983, and this action should be dismissed as frivolous.

## IV. RECOMMENDATION

The District Court should summarily **DISMISS** plaintiff's federal claims with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 20th day of March, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.